## L. A. LOLLER v. A. B. FROST ET AL.

1. As at common law, so by the statutes of Texas, the lands of an intestate vest upon his death in his heirs, and they cannot be divested of title unless made parties.

2. It was, therefore, error in a suit by an administrator to enforce the vendor's lien, and which had been changed by the defendants in possession

into an action to quiet title, to adjudicate title to the said defendant against the administrator without making the heirs parties.

[NOTE.—This rule varied by Section 22 of Chapter 73, approved May 27, 1873, allowing suits for land to be revived against the administrator and the proceedings to bind the heirs.—REPORTERS.]

APPEAL from Hopkins.    Tried below before the Hon. W. H. Andrews.

This suit was brought by L. A. Loller, executor of G. H. Blunt, upon two promissory notes, executed by defendant, A. B. Frost, and to enforce the vendor's lien therefor upon lands sold by Blunt to Frost and by Frost to the defendant Steadham.

Various defenses were interposed, and Steadham reconvened, alleging his purchase of the land from Frost without notice, and asking that his title be quieted as against the claim of the estate of Blunt.

The heirs were not made parties, and judgment rendered June 6, 1872, for plaintiff against defendant Frost for the amount of the notes, but in favor of defendant Steadham, quieting his title against the plaintiff.

The plaintiff appealed.    The opinion of the court being confined to the want of parties, the other discussions of practice are omitted.

*A. M. Jackson*, for appellant.—The suit was brought by executors for the enforcement of a vendor's lien. But it was not as such a suit that the case went to a final trial, nor is the final judgment such an one as could be rendered in a suit of that character.    It is reasonably certain that there were proceedings in the District Court which have not been carried into this transcript; but as neither party suggests a diminution of the record the case must be disposed of as it appears.

To the January term, 1871, Steadham filed a pleading which made an essential change in the character of the

litigation. He alleges in this paper that the land had passed out of his possession into that of the plaintiffs, and claims what he calls a "writ of restitution," and judgment for rents and damages. Again he files a second pleading of a similar import to the May term, 1871, but prays that his judgment for damages be rendered against Loller in his individual character, and not as executor of Blunt. In both of these pleadings he alleges that the pretended vendor's lien is a cloud upon his title, and prays that it be removed, and that his title be quieted, etc. To the second of these pleadings exceptions were filed, but the record shows no ruling upon them.

The jury returned a general verdict in favor of Stead-ham, and upon it the court decreed that the lien was invalid and constituted a cloud upon Steadham's title, and that it be removed and Steadham be quieted in his title, with "writ of restitution," etc.

I submit that this judgment is necessarily erroneous. By his amended pleadings Steadham, one of the original defendants, converted the suit into an action for the land, with himself as plaintiff and Loller as defendant. Loller was an executor, and claimed no rights in any other character. Under our statute (Paschal's Digest, Art. 1447) an executor may sue for land of his testator. But the rule does not work both ways. An executor cannot, as such, be sued for land of his testator. (Barrett v. Barrett, 31 Texas, 344.) If an executor is in possession of lands of a third person, the latter must sue him as a trespasser, not as an executor; and if he apprehends that the defendant will claim title or possession in his fiduciary capacity, then he must bring in the heirs or devisees of the testator as co-defendants. And in such case a judgment affecting the title or the possession, rendered against the executor in his fiduciary capacity, and not rendered against the heirs or devisees, is erroneous. The

case of Barrett v. Barrett, 31 Texas, 344, fully sustains this position, and I refer to it as giving a clear exposition of the legal principles involved in it.

If this suit, pending its progress in the court below, had got into such a condition as to make it advisable for Steadham to obtain an adjudication of the title or of the possession as against Blunt's representatives, then it was indispensable for him, in order to obtain such relief, to have made Blunt's real representatives—his devisees or heirs—parties to the suit. If he failed to do this, and proceeded to judgment with no other party besides Blunt's executor, then, if the judgment purported to adjudicate the title or the right of possession, it was necessarily erroneous. (See Barrett v. Barrett, above cited.) And that is exactly what has been done in this case.

As this case was made up by the pleadings, there were two courses open to the court below, viz., it should have required Steadham to implead Blunt's real representatives, or it should have stopped its judgment by dismissing him with his costs. But it pursued neither of these courses. It attempted to adjudicate the title and possession, without bringing in the parties whose rights were necessarily involved in such an adjudication, and therein there was such error as requires a reversal of the cause.

*John P. Hill*, for appellee Steadham.

The brief is elaborate and exhaustive on questions of notice and of practice touching motions for new trials, and as these subjects are not in any way discussed by the court, the brief is not inserted.

WALKER, J.—There are several questions raised upon this record, upon some of which there is a difference of opinion between the members of the court; but upon the most material questions we are all agreed.

The appellant brought this suit as the surviving executor of Blunt, to enforce a vendor's lien in favor of Blunt's estate.

During the progress of the cause it is changed into an action to try title, and there is a judgment in favor of Steadham, quieting his title and giving him the land unincumbered by a vendor's lien; and this is done without making the heirs of Blunt parties.

In Barrett v. Barrett's Administrator, this question is decided, and the court say that the title to land must not be adjudicated, where it is held by an intestate, without making his heirs parties.

The administrator may be sued as a trespasser; he may sue to recover the land of his intestate; but if he is not in possession, he cannot be sued as a mere fiduciary.

By Section 112 of the law governing the descent of estates and the administration thereof, the lands of an intestate, on his demise, vest in the heir (as at common law), subject only to the rights of creditors.

This case must be reversed and remanded.

REVERSED AND REMANDED.